UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOEMY BELTRAN,<br><br>Plaintiff,<br><br>v.<br><br>TWO JINN INC.,<br><br>Defendant. | CASE NO. 2:26-cv-01818-JNW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## 1. INTRODUCTION

Plaintiff Noemy Beltran sued Defendant Two Jinn Inc. ("Two Jinn") in King County Superior Court on behalf of herself and a class of Washington workers, claiming unpaid wages and overtime, denied meal and rest breaks, underpaid sick leave, unpaid wages at separation, and an unlawful noncompetition covenant. Dkt. No. 1-1. Two Jinn removed the case, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Beltran now moves to remand. Dkt. No. 10.

The parties agree that Beltran and Two Jinn are citizens of different states. They part ways over money. Because Two Jinn hasn't shown that more than

$75,000 is at stake in Beltran's claims, the Court GRANTS the motion and REMANDS the case to King County Superior Court.

## 2. LEGAL STANDARDS

Traditional diversity jurisdiction has two requirements. 28 U.S.C. § 1332(a). The first is "complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Second, the amount in controversy must exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1332). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.") (citation modified).

## 3. DISCUSSION

The parties don't dispute citizenship. Two Jinn is a California corporation, and Beltran is a citizen of Washington. Dkt. No. 1-1 ¶¶ 3.1, 3.2. Only the amount in controversy is in play here.

### 3.1 Two Jinn has failed to establish the amount in controversy is sufficient for traditional diversity jurisdiction.

Two Jinn claims that traditional diversity jurisdiction exists because Beltran's individual damages and attorney's fees would exceed the $75,000 requirement under 28 U.S.C. § 1332(a). The Court takes Two Jinn's calculations at face value. The Court assumes, without deciding, that Beltran's individual claims are worth:

| | |
|---|---|
| Wage and hour claims, doubled, with prejudgment interest | $11,748.24 |
| Off-the-clock work for licensing exam, with prejudgment interest | $588.00 |
| Noncompetition covenant, doubled, with prejudgment interest | $43,464.96 |
| **Total** | **$55,801.20** |

Dkt. No. 16 at 9–10. Assuming all this, Two Jinn is roughly $20,000 short of satisfying the amount in controversy. It argues that attorney's fees cover the shortfall.

Two Jinn estimates that litigating Beltran's claims through trial would generate $92,000 to $119,600 in fees, and it assigns every dollar to Beltran. *Id.* at 13. It candidly explains why it may do so. It is "not seeking to attribute 100% of the putative classes' potential attorney's fees to Plaintiff," but is instead valuing "the individual discovery and motion practice needed to litigate plaintiff's claims brought by her individually." Dkt. No. 16 at 10. That approach works, Two Jinn says, because Beltran signed an enforceable class action waiver, and "[w]hen the plaintiff

cannot bring a class action in the first place, the anti-aggregation rules have no purpose." Dkt. No. 16 at 11.

The trouble is that Two Jinn hasn't enforced the waiver. It has moved to compel arbitration, Dkt. No. 7, and Beltran disputes the agreement as unconscionable, *see* Dkt. No. 16 at 11 n.7. The waiver's validity is contested and undecided. Two Jinn asks the Court to presume it will win that fight, and then to build jurisdiction on the presumed victory. But jurisdiction does not work that way. The amount in controversy measures what a plaintiff's claims place at stake at the time of removal, not what a defendant expects to owe once its defenses succeed. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

Because this case remains a class action, the anti-aggregation rule applies. That rule provides that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). "The federal courts have long accepted the general rule that multiple plaintiffs who join together in a single lawsuit to enforce their rights as individuals may not aggregate their claims to satisfy a jurisdictional threshold for the amount in controversy." *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1155 (C.D. Cal. 2013). "The anti-aggregation rule applies to class actions removed on the basis of diversity under 28 U.S.C. § 1332(a), meaning that the separate claims of putative class members cannot be aggregated to meet the threshold"; or in other words, "at least one named plaintiff must independently meet the $75,000 threshold." *Baum v. Platinum Nine Holdings, LLC*,

No. 2:25- CV-00671-TL, 2025 WL 3237500, at *3 (W.D. Wash. Nov. 20, 2025) (citing *Snyder*, 394 U.S. at 335–36).

The rule covers attorneys' fees along with everything else. A court considers "a successful party's pro rata share of attorney's fees in assessing whether her claim meets the jurisdictional threshold." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020); *see Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (rejecting the argument "that the potential attorneys' fees should be attributed to the named plaintiffs only, rather than pro rata to each class member").

So the question is how large a fee award this class action would have to produce before Beltran's share of it covered the $20,000 gap. With more than 50 class members, Dkt. No. 1-1 ¶ 4.4, the answer is about $1,000,000. Two Jinn gives the Court no reason to believe this case will generate a million dollars in fees. Its own estimate—$119,600 at the high end—is a small fraction of that figure. *See Weza v. Fastenal Co.*, No. C13-5315, 2013 WL 3089554, at *1 (W.D. Wash. June 18, 2013) (remanding where the named plaintiff's pro rata share could clear the threshold only if class fees exceeded $600,000, which it was "unreasonable to assume").

In sum, Two Jinn has failed to establish by a preponderance of the evidence that the amount in controversy is sufficient for traditional diversity jurisdiction. At best, its showing leaves the amount in controversy in doubt, and "if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. The Court GRANTS Plaintiff's motion to remand. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Superior Court of King County, Washington, effective fourteen (14) days from the date of this Order. *See* LCR 3(i).
2. Defendant's motion to compel arbitration, Dkt. No. 7, is DENIED as moot.
3. Plaintiff's motion to stay, Dkt. No. 11, is DENIED as moot.
4. Following remand, the Clerk shall close the case.

Dated this 12th day of August, 2026.

Jamal N. Whitehead
United States District Judge